## MOORE vs. McCOWN.

Whether monthly wages of a painter were liable to garnishment for medical services depended upon the date of such services. If they were while the act of February 24th, 1875, was of force, the wages would be liable; otherwise not. That act was not retroactive, so as to apply to services rendered before its passage.

Garnishment. Contracts. Before Judge CLARK. City Court of Atlanta. December Term, 1879.

In 1879 Moore sued out a garnishment against McCown, which was served on the Western & Atlantic Railroad. The affidavit stated that the amount was due "for medical

services rendered prior to February 7th, 1875, upon a note ; that he has commenced suit thereon," etc.    The garnishee answered that it owed defendant $94.60 as wages.  Defendant made a motion in writing to dismiss the garnishment on the following grounds :

(1.) Because the money in the hands of the garnishee is due defendant as monthly wages for painting.

(2.) Because the note sued on was given in renewal of a note made by defendant to W. L. Sterling on October 1st, 1873, and the consideration of that note was medical services rendered by said Sterling in 1869.

(3.) Because the consideration of the note was not board or provisions, nor medical services rendered between February 24th, 1875 and February 7th, 1876.

The court granted a rule *nisi* against the plaintiff to show cause why the garnishment should not be dismissed ; and upon the return and hearing he dismissed it.   [In his certificate to the bill of exceptions, the presiding judge states that, in addition to the grounds for dismissal on account of matters outside the record, it was also urged that the record did not show that the medical services were rendered at a time when defendant's wages would be subject to garnishment therefor.]    To the judgment dismissing the garnishment plaintiff excepted.

HOKE SMITH ; JNO. L. TYE, for plaintiff in error.

HULSEY & McAFEE, for defendant.

WARNER, Chief Justice.

This was a summons of garnishment founded upon a renewed note given for medical services rendered in 1869. The defendant made a motion in writing to dismiss it on the ground, amongst others, that the money in the hands of the garnishee was due to him for his monthly wages as a laborer for painting, and that the plaintiff's debt was for medical services in the year 1869, and that no part of it

was for board, or provisions furnished himself or his family, nor for medical services rendered him or his family between the 24th day of February, 1875, and the 7th day of February, 1876, for which his daily, weekly or monthly wages would be subject to garnishment. To this motion of the defendant the plaintiff demurred. The court overruled the demurrer, and dismissed the garnishment; whereupon the plaintiff excepted.

When the contract was made in 1869 the defendant's wages were not subject to garnishment for medical services. See Code, §3554, and the contract for the medical services not having been made whilst the act of 1875 was of force, it is not embraced within the provisions of that act, but is controlled by the law of force at the time the contract was made in 1869, and such was the true intent and meaning of the proviso to the act of 1876, so far as that act is concerned.

Let the judgment of the court below be affirmed.